{¶ 129} I respectfully dissent from the decision reached by my colleagues. I disagree with some of the conclusions the majority reaches in its analysis of the first assignment of error. In my opinion, the conviction should be affirmed for the following reasons.
 {¶ 130} In the first assignment of error, the majority concludes that the trial court abused its discretion in allowing Donna Dripps to testify. The majority determines that her testimony did not amount to modus operandi and that the trial court's act of declaring a mistrial in the first trial when the incident that occurred between her and appellant was mentioned provides even further evidence of an abuse of discretion. I disagree with both of these conclusions.
 {¶ 131} First, the trial court's act of declaring a mistrial at the first trial is not dispositive of the issue and should not be relied on so heavily by the majority. The trial court was not bound by its decision. As the majority points out in paragraph 46, "there is no particular rule that would prevent a trial judge from changing his mind regarding a motion in limine." The fact that the violation of the original motion in limine resulted in a mistrial does not change the tentative preliminary nature of a motion in limine ruling. The trial court was free to change its mind.
 {¶ 132} Second, I do not agree that with the majority that the Donna Dripps incident does not amount to modus operandi, i.e. a behavioral fingerprint. Donna Dripps testified that appellant tried to strangle her and bite her breast. In the case at hand, Amber was strangled and bitten on the breast. Appellant's DNA was found in the bite on Amber's breast and under her fingernails. Admittedly, there were some differences between the two incidents, however, I think there was sufficient similarity to be classified as a behavioral fingerprint. Regardless, at the least, it should be found that it is a close call and given our standard of review, I would find no abuse of discretion with the trial court's determination.
 {¶ 133} That said, I strongly agree with the majority that the trial court's limiting instruction to the jury concerning Donna Dripps' testimony was inadequate and confusing. Furthermore, I agree that Bradley Windle's testimony violated the general rule against other bad acts evidence. Yet, I do not agree that theses errors resulted in reversible error that calls for remanding the matter for a new trial.
 {¶ 134} The Ohio Supreme Court had held, "[w]here evidence has been improperly admitted * * * the admission is harmless `beyond a reasonable doubt' if the remaining evidence compromises `overwhelming' proof of the defendant's guilt." State v. Sage
(1987), 31 Ohio St.3d 173, 181. In the matter at hand, even if Donna Dripps' testimony is not considered, there is strong evidence as to appellant's guilt. Appellant's DNA was found in the bite on Amber's breast and under her nails. Three days after Amber's murder, appellant had scratch marks on his hands and arms that were not there prior to the night of her murder. Furthermore, he had contact with Amber just minutes before the murder. Although this is not direct evidence that appellant strangled Amber, it does provide strong and overwhelming circumstantial evidence of his guilt. See State v. Cooper, 8th Dist. No. 86437, 2006-Ohio-817, quoting State v. Richey,64 Ohio St.3d 353, 363, 1992-Ohio-44 (stating "circumstantial evidence may be more certain, satisfying and persuasive than direct evidence").
 {¶ 135} Accordingly, I conclude that while error could be found under appellant's first assignment of error, it does not amount to reversible error. Thus, I would affirm the conviction.